# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

SHERWOOD BOSTIC,

    Plaintiff,

v.                                        Case No.  5:19-cv-241-TKW/MJF

K. WILLIAMS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this section 1983 action be dismissed for maliciousness, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), because the Plaintiff failed to disclose a prior civil action that he had initiated.[1]

**I.   Background**

On June 21, 2019, Plaintiff, an inmate of the Florida Department of Corrections ("FDC") filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1 at 3). United States Magistrate Judge Hope T. Cannon reviewed Plaintiff's civil rights complaint and ordered Plaintiff to amend his complaint on the court-approved form. (Doc. 6). Judge Cannon specifically ordered Plaintiff to "comply with the instructions

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

on the form." (*Id.*).

On July 18, 2019, Plaintiff filed his first amended complaint, the operative pleadings in this action, and a motion for leave to proceed *in forma pauperis*. (Docs. 8, 9). The undersigned granted Plaintiff's motion to proceed *in forma pauperis* and assessed Plaintiff a $11.67 initial partial filing fee, which Plaintiff paid. (Docs. 12, 13).

## II. Discussion

### A. Screening for Maliciousness

The Prisoner Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative

misrepresentation regarding his prior litigation history constitutes abuse of the judicial process warranting dismissal of the case for "maliciousness." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal for maliciousness was warranted when the plaintiff failed to disclose cases he had previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (holding that dismissal for abuse of the judicial process was warranted when an inmate failed to disclose prior cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (holding that dismissal of an action for maliciousness was warranted when the plaintiff failed to disclose existence of a prior case). Furthermore, a "district court [is] entitled to conclude that Plaintiff ha[s] abused the judicial process when he failed to" show good cause for not disclosing all prior lawsuits filed. *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011).

    **B.**    **The Plaintiff's Omission**

Section IV of the Northern District of Florida complaint form utilized by Plaintiff required Plaintiff to disclose information regarding prior civil cases he filed in state and federal courts. (Doc. 8 at 3-4). Question C of Section IV asks:

> Have you initiated other actions (besides those listed above in Question (A) and (B)) in **either state or federal** court that relate to the fact or

>   manner of your incarceration (**including habeas corpus petitions**) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

(*Id.* at 4) (emphasis added). Plaintiff responded "No" and did not list any prior actions.

At the end of Plaintiff's second amended complaint, Plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*Id.* at 7) (emphasis in the original). Furthermore, Plaintiff attached handwritten documents to his complaint wherein Plaintiff wrote: "Under Penalties of perjury, I declare that I have read the foregoing and the facts stated in it are true correct." (*Id.* at 10).

The undersigned notes that Plaintiff failed to disclose a prior case that he had initiated. Prior to filing his amended complaint, Plaintiff filed *Bostic v. Jones*, No. 3:17-cv-595-TJC/JBT (M.D. Fla. Apr. 17, 2017), which remains pending. A review of the docket in that case reveals that Plaintiff inquired into the status of that case on July 8, 2019, approximately ten days prior to filing his second amended complaint in the instant action. *Bostic v. Jones*, No. 3:17-cv-595-TJC/JBT (M.D. Fla. Apr. 17, 2017) at (Doc. 33); (Doc. 8). This clearly indicates that Plaintiff's omission was not merely due to a lapse of memory. Furthermore, United States Magistrate Judge Hope T. Cannon specifically warned Plaintiff that when he filed his amended complaint, he

must "comply with the instructions on the form." (Doc. 6 at 2). Plaintiff's omissions, therefore, violated his duty of candor to this court.

### C. The Materiality of the Omission

Courts have recognized that information regarding a plaintiff's litigation history is useful to courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time." *Procup*, 792 F.2d at 1072. To conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). "Federal courts

have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner plaintiffs to divulge their record of litigation serves these compelling interests.

Additionally, because prisoner plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiffs' litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Plaintiff failed to list an action that he had filed. Plaintiff knew from the complaint that a truthful answer to the questions on the complaint form required disclosure of *all* prior actions.[2] A penalty is warranted

---

[2] Section IV of the Northern District of Florida complaint form utilized by Plaintiff stated, "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." (Doc. 8 at 3).

both to deter the Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### D.      **The Appropriate Sanction**

A court's power to dismiss a case "is an inherent aspect of its authority to enforce its orders and insure prompt disposition of law suits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983). "[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). Thus, an appropriate sanction for the Plaintiff's conduct is dismissal without prejudice. *See Wynn v. Postal Svc.*, 735 F. App'x 704, 705 (11th Cir. 2018) *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014); *Rivera*, 144 F.3d at 731.

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and abuse of the judicial process, because that course of action would entail no penalty. *See Hood*, 197 F. App'x at 819. A mere admonition also would not deter the Plaintiff or others. Furthermore,

dismissal without prejudice would serve as a warning to the Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice for maliciousness, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

2. The clerk of the court enter judgment accordingly, terminate all pending deadlines, and close this case.

At Panama City Beach, Florida, this 3rd day of February, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

**Plaintiff also is hereby advised that if he disputes the accuracy of the facts taken from PACER, or if he otherwise wishes to be heard on the propriety of the court's taking judicial notice of those facts, he must do so in an objection to this Report and Recommendation.**